IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ARTHUR LEE GRIGGS, AIS #129969 | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 1:16-CV-00626-KD ) |
| JEFFERSON DUNN, *et al.*, | ) ) ) |
| Defendants. | ) |

## DECLARATION OF PELHAM HENRY, DMD

I, PELHAM HENRY, DMD pursuant to 28 U.S.C. § 1746, hereby make the following Declaration under penalty of perjury, and declare that the statements made below are true, and state:

1. My name is Pelham Henry. I am over the age of nineteen (19) years and have personal knowledge of the information contained in this Declaration.

2. I have been employed as the dentist at Holman Correctional Facility ("Holman") and Fountain Correctional Facility ("Fountain") since November of 2007. I am licensed in the state of Alabama and have been since June of 1969.

3. In my role as Holman's dentist, I am familiar with an inmate named Arthur Griggs ("Mr. Griggs"). Mr. Griggs was previously incarcerated at Holman and is currently housed at St. Clair Correctional Facility ("St. Clair").

4. I received and reviewed a copy of the Complaint filed by Mr. Griggs in this action. Even though the Complaint does not name me as a defendant, I understand that Mr. Griggs generally alleges that he received inadequate medical and dental care following an alleged altercation on November 9, 2016, with members of the correctional emergency response

team ("CERT") at Holman. Mr. Griggs specifically alleges that he suffered a broken tooth and lost his dentures during the altercation for which the Holman dental staff provided inadequate care. These allegations are groundless, and I deny them in their entirety.

5. I also reviewed the relevant portions of Mr. Griggs' medical records. These records are attached to the Declaration of Kimberly McCants as Exhibit "A." My statements below include citations to the Bates-labels affixed to the relevant excerpts from Mr. Griggs' records.

6. Mr. Griggs' medical records establish that he requested and received attention for a broken tooth and a request for dentures prior to the alleged November 9, 2016, altercation. (COR009-011, COR031).

7. To be clear, on September 9, 2016, the Holman nursing staff received a sick call request from Mr. Griggs requesting a tooth extraction and partial dentures. (COR011).

8. A member of the Holman nursing staff saw Mr. Griggs at the September 13, 2016, sick call for his request for dental treatment. (COR009-010). The nurse assessed Mr. Griggs at that time and concluded he did not require emergency dental care. (COR009-010). The nurse referred Mr. Griggs for a routine appointment with the dentist at Holman. (COR010).

9. I saw Mr. Griggs on October 26, 2016, for Mr. Griggs' concerns regarding discomfort from a fractured tooth. (COR031). My October 26, 2016, examination found that Mr. Griggs had a fractured tooth, tooth #12. (COR031). The dental staff scheduled Mr. Griggs for a procedure to surgically remove his tooth #12. (COR031).

10. The Holman nursing staff subsequently received a sick call request form from Mr. Griggs on November 10, 2016, in which he claimed that members of the Holman CERT team

had hit him in his face and knocked out his tooth. (COR041). The nursing staff scheduled him for an appointment at the November 11, 2016, sick call. (COR041).

11. A member of the Holman nursing staff notified the correctional staff on November 10, 2016, to bring Mr. Griggs to the health care unit for his sick call appointment. (COR008).

12. A member of the Holman nursing staff, Ashley Wall, saw Mr. Griggs at the November 11, 2016, sick call for his complaints of tooth discomfort. (COR039-040). Ms. Wall assessed Mr. Griggs on November 11, 2016, and found no evidence of trauma or injury to Mr. Griggs' jaw or face. (COR039-040). Ms. Wall's assessment did not detect any swelling or broken skin on Mr. Griggs' face or lips, which might indicate he suffered a blow to his face. (COR039-040). However, Ms. Wall did find evidence of tooth decay and a fractured tooth, evidently the same tooth previously examined by the Holman dentist and scheduled for extraction, i.e. tooth #12. (COR039040). Ms. Wall provided Mr. Griggs with 400 mg of ibuprofen to take twice a day for 7 days for any swelling or discomfort. (COR025, COR040). Moreover, Ms. Wall referred Mr. Griggs for an appointment with the Holman dentist. (COR040).

13. I followed up with Mr. Griggs on November 16, 2016, for the previously-scheduled procedure to remove his fractured tooth, i.e. tooth #12. (COR031). I performed a surgical procedure to extract the tooth without any complication on November 16, 2016. (COR031, COR034-035). Following the procedure, I prescribed Mr. Griggs with an antibiotic and an over-the-counter pain medication for any discomfort. (COR024, COR031).

14. Approximately two weeks later, i.e. on November 30, 2016, Mr. Griggs submitted a sick call request slip complaining that members of the Holman CERT team had hit him in his

mouth and knocked out a tooth and his dentures in an altercation on November 9, 2016. (COR038). Mr. Griggs' sick call request slip claimed he needed a new set of dentures. (COR038). However, to be clear, as stated above, Mr. Griggs reported the broken tooth many weeks prior to the alleged November 9, 2016, altercation, I examined the tooth on October 26, 2016, and scheduled Mr. Griggs for a procedure to extract the tooth, and then I extracted the broken tooth on November 16, 2016. (COR009-011, COR031).

15.     A member of the Holman nursing staff saw Mr. Griggs on November 30, 2016, at sick call for his concerns. (COR036-037). The nurse assessed Mr. Griggs' symptoms on November 30, 2016 and noted his complaints of discomfort in the left upper part of his mouth. (COR036). As the nurse recorded in her notations for the November 30, 2016, assessment, Mr. Griggs had previously undergone a procedure to remove a fractured tooth earlier in November of 2016 and his stitches had come out the previous day. (COR036). The nurse provided Mr. Griggs with 200 mg of ibuprofen to take twice a day for 7 days and referred him for an appointment with the dentist. (COR023, COR037).

16.     A dentist who provided assistance to the Holman dental staff saw Mr. Griggs again on December 6, 2016, for Mr. Griggs' claim that members of the correctional staff broke or misplaced his dentures. (COR030-031). The dentist examined Mr. Griggs at that time and concluded that Mr. Griggs did not qualify for dentures pursuant to the ADOC's policy because he possessed an adequate number of good teeth. (COR030-031). Moreover, the dental staff could not locate any record indicating that Mr. Griggs previously received dentures at any point during his incarceration. (COR030-031). The dental staff informed Mr. Griggs on December 6, 2016, that he did not qualify for dentures at that time and that the dental staff did not know of any record indicating he previously received dentures. (COR030-031). The dental staff

conveyed to Mr. Griggs on December 6, 2016, that the staff could not verify his claim that any member of the correctional staff had damaged or misplaced any dentures belonging to Mr. Griggs because the dental staff could not confirm that he ever possessed dentures. (COR030-031).

17. My review of Mr. Griggs' circumstances makes me confident that he received an appropriate level of treatment. I do not see any reason to conclude that the course of treatment Mr. Griggs received was inappropriate in any way or that the conduct of the Holman dental staff fell below the standard of care of that provided by other similarly situated dental professionals. In my professional medical opinion, the Holman dental staff acted appropriately in all respects given the course of treatment provided to Mr. Griggs. Again, based upon my review of Mr. Griggs' medical records, I can state to a degree of dental certainty that the members of the dental staff at Holman fully satisfied the standard of care owed by them within the State of Alabama.

18. From my review of Mr. Griggs' circumstances, I am not aware of any objective data of any kind suggesting that Mr. Griggs' condition changed, worsened or declined in any way as a result of the dental care he received during his incarceration at Holman. Any allegation by Mr. Griggs that on any occasion he failed to receive access to the dental services available to him at Holman is simply false.

I declare under penalty of perjury that the foregoing is true and correct. I understand that a false statement in this Declaration will subject me to penalties for perjury.

Date: 12-20-2017

_____
Pelham Henry